FILED
12/15/2025
Court of Appeals
Division I
State of Washington

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| SUSAN L. TOCH, | No. 86442-4-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| LYNDA J. VARGAS, | |
| Respondent. | |

MANN, J. — In November 2023, a Whatcom County Superior Court commissioner granted Susan Toch's petition for a civil protection order against Lynda Vargas. On revision, a superior court judge reversed the commissioner and denied the protection order. Toch appeals the order on revision. But because the underlying commissioner's protection order expired on June 1, 2024, we are no longer able to grant effective relief. We dismiss Toch's appeal as moot.

I

On September 29, 2023, Toch petitioned for an anti-harassment and stalking protection order against Vargas, the manager of the apartment complex that Toch lived in. Toch alleged that Vargas had incited, orchestrated, and aided in victim abuse, defamation, and continued unrelenting harassment. Toch attached a detailed

chronology of events going back to early April 2023. Toch also attached incident reports she filed with the Bellingham Police Department, photographs, and a declaration from a healthcare provider.

On October 4, 2023, a Whatcom County Superior Court commissioner granted a 14-day temporary protection order against Vargas, setting a hearing date for October 18, 2023. Toch submitted additional declarations, reports, letters, photographs, and documents supporting continued incidents involving Vargas. On October 18, 2023, the court's commissioner reissued the temporary protection order. The commissioner found good cause to extend the temporary order because "[t]he parties are involved in an unlawful detainer case[. And t]he decision in this case will have an impact on the harassment case." The protection order was extended to a "date to be set after the unlawful detainer hearing/trial." On November 1, 2023, the commissioner again reissued the temporary order with a hearing date on November 16, 2023.

On November 16, 2023, the court's commissioner issued a protection order against Vargas for harassment and stalking, effective until June 1, 2024. The order required Vargas to have no contact with Toch and to stay at least 1,000 feet away. The order noted that "[t]he parties now live in different locations and are involved in an unlawful detainer action." This order is the final document provided to this court in the clerk's papers.

On February 5, 2024, Toch filed with this court a motion for a stay and notice of discretionary review. The motion attached a January 26, 2024 order from the superior court on revision denying the harassment and stalking order against Vargas. On February 26, 2024, Toch filed in the trial court a notice of discretionary review of a

February 7, 2024 order denying reconsideration of the January 26, 2024 order.  We accepted Toch's filings as a notice of appeal.

II

Toch asks this court to reverse the superior court's order on revision that overturned the protection order issued by the court's commissioner.[1]  Because the underlying commissioner's protection order expired on June 1, 2024, we can no longer provide effective relief.  This matter is moot.

"A case is moot if a court can no longer provide effective relief."  Maldonado v. Maldonado, 197 Wn. App. 779, 790, 391 P.3d 546 (2017).  The expiration of a protection order generally means we cannot provide such relief, and a party's challenge to the order is thus moot.  Price v. Price, 174 Wn. App. 894, 896, 902, 301 P.3d 486 (2013) ("Both protection orders have long expired; thus, [the appellant's] challenges to these orders are moot.").

Here, the November 16, 2023 protection order issued by the court's commissioner expired on June 1, 2024.  Thus, even if we were to reverse the superior court's order denying the protection order on revision, there would no longer be a valid protection order in place.  If the events leading to the original protection order are

---

[1] We recognize that both Toch and Vargas are self-represented.  But self-represented litigants are held to the same standards as attorneys and must comply with the court's procedural rules.  In re Vulnerable Adult Petition of Winter, 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020).  In addition, at the outset of her appeal, Toch cited medical issues and requested extended time to address the court's requirements under GR 33.  Multiple GR 33 accommodations were granted allowing Toch extra time to perfect the record and file her briefs.

ongoing, Toch's remedy is with the superior court. Because we can no longer provide effective relief, we dismiss Toch's appeal as moot.[2]

_____ Mann, J.

WE CONCUR:

_____ Feldman, J.

_____ Chung, J.

_____

[2] Toch has filed numerous motions before this court, including motions to supplement the record with additional documents, motions for oral argument, and motions to segregate review. All outstanding motions are denied.